**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GIOVANNI MATHIS,**

        **Plaintiff,**

  **v.**

                **Civil Action 2:26-cv-65**
                **District Judge Algenon L. Marbley**
                **Magistrate Judge Kimberly A. Jolson**

**NORTHPOINTE BANK,**

        **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Giovanni Mathis brings this case against Northpointe Bank for "failing to lawfully process his credit application in good faith, failing to communicate material information, issuing defective and inconsistent adverse action notices, and denying credit without providing specific, sufficient, and lawful reasons as required under federal law." (Doc. 1-1 at 5).  This matter is before the Court on Plaintiffs' Revised Motion for Leave to Proceed *in forma pauperis* (Doc. 4).  For the following reasons, the Undersigned **RECOMMENDS** the Motion be **DENIED**.  Plaintiff's first motion for the same (Doc. 1) is **DENIED as moot.**

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*.  335 U.S. 331 (1948).  An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted).  Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship.  *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship").  Consequently, unless the one-time payment of the court's filing fee

clearly will render the plaintiff unable to provide for herself, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

Based on his most recent affidavit, the Undersigned determines that Plaintiff has sufficient funds to pay the filing fee. Plaintiff claims to make $3,200 per month in a job he started in January 2026. (Doc. 4 at 2). Plaintiff also details monthly expenses, which equal about $2,100 maximum. (*Id.* at 3). Based on these representations, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived of the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). Accordingly, it is **RECOMMENDED** that his Motion for Leave to Proceed *in forma pauperis* (Doc. 4) be **DENIED**. If this recommendation is adopted, it is further **RECOMMENDED** that Plaintiff be required to pay the filing fee within **thirty (30) days** of adoption or face dismissal. If this recommendation is adopted, and Plaintiff pays the filing fee, he will be responsible for service.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

2

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   February 18, 2026                                    /s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE

3